UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NICOLE MEJIA LLC,

       Plaintiff,

vs.

LITA LEWIS, individually,
FOLLOWTHELITA LLC,
a New York limited liability company,
BRITTANY RENNER, individually,
and FIT THICK BY BRITT, LLC, a
Michigan limited liability company.

       Defendants.
_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Nicole Mejia LLC ("Mejia") hereby sues Defendants, Lita Lewis and Followthelita LLC (collectively "Lewis"), and Brittany Renner and Fit Thick By Britt, LLC (collectively "Renner") (Lewis and Renner collectively referred to as "Defendants") for trademark infringement, and alleges as follows:

### THE PARTIES

1. Mejia is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida.

2. Lita Lewis is an individual, *sui juris*, who resides in Brooklyn, New York.

3. Followthelita LLC is a New York limited liability company with its principal place of business in Kings County, New York. Lita Lewis is a member, officer, and/or agent of Followthelita LLC.

4. Brittany Renner is an individual, *sui juris*, who resides in Los Angeles, California.

5. Fit Thick By Britt, LLC is a Michigan limited liability company with its principal place of business in Wyoming, Michigan. Brittany Renner is a member, officer, and/or agent of Fit Thick by Britt, LLC.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) because Mejia seeks relief under 15 U.S.C. § 1114(1), including remedies for infringement of a United States trademark owned by Mejia.

7. This Court has personal jurisdiction over the Defendants under § 48.193, Fla. Stat., because, among other things, they engage in substantial and not isolated activity within Florida. In addition, Defendants personally, or through their agents, operate, conduct, engage in, or carry on a business or business venture in this state, and/or committed a tortious act within this state.

8. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(3).

## PLAINTIFF'S FEDERALLY REGISTERED MARK

9. Mejia is the owner of the federally registered work mark "FIT AND THICK" (Reg. No. 4769634, issued July 7, 2015), shown below:

# FIT AND THICK

The registration certificate is attached as **Exhibit A**.

10. Mejia applied for the FIT AND THICK mark on January 6, 2014.

11. Mejia has for many years spent significant amounts of money advertising and promoting FIT AND THICK in the fitness and health industries, as well as through social media.

12. As a result of this advertising and promotion, the FIT AND THICK mark enjoys valuable goodwill for the fitness and health services bearing the mark. The mark is associated in the minds of the public with their sponsor and source.

### **DEFENDANTS' EFFORTS TO REGISTER CONFUSINGLY SIMILAR MARKS**

13. On January 16, 2014, ten days *after* Mejia applied for the FIT AND THICK mark, Renner applied for the word mark "FITTHICK" in the same class of goods and services as Mejia's mark (*i.e.,* Class 41).  See **Exhibit B.**

14. On April 26, 2014, the United States Trademark Office issued a Suspension Notice Letter to Renner.  See **Exhibit C**. In it, the United States Trademark Office cited Mejia's FIT AND THICK mark and stated:

> The effective filing dates of the [Mejia application] precede the filing date of applicant's application.  If [Mejia's applied-for mark] register[s], applicant's mark may be refused registration under Section 2(d) **because of a likelihood of confusion with that registered mark.**  See 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq*.

*Id.* (emphasis added).

15. On December 4, 2014, almost eleven months *after* Mejia applied for the FIT AND THICK mark, Lewis applied for the word mark "THICKFIT" in the same class of goods and services as Mejia's mark (*i.e.,* Class 41).

16. On March 24, 2015, the United States Trademark Office issued an Office Action rejecting Lewis' registration on several grounds:

> The filing date of [Mejia's application] precedes applicant's filing date…If [Mejia's application] registers, applicant's mark may be refused registration under Trademark Act Section 2(d) **because of a likelihood of confusion between the marks.**  See 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq*.

*See* **Exhibit D** (emphasis added).

3

17. On September 30, 2015, the United States Trademark issued a Suspension Notice Letter to Lewis and stated:

> The effective filing dates of the [Mejia application] precede the filing date of applicant's application. If [Mejia's applied-for mark] register[s], applicant's mark may be refused registration under Section 2(d) **because of a likelihood of confusion with that registered mark.** See 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.*

See **Exhibit E** (emphasis added).

18. Neither Lewis nor Renner responded to the suspension letters.

### COUNT I – TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)]
### (Against Lewis)

19. Mejia repeats and realleges each and all of the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

20. At all relevant times to this action, the FIT AND THICK mark has remained valid and enforceable.

21. Lewis has, and continues to, unlawfully use of the following mark:

**thickfit**

(the "Lewis Infringing Mark") including on Lewis' website, http://www.litalewis.com, Twitter, and Instagram, through the use of the hashtag #ThickFit, as well as through the use of THICKFIT in her fitness boot camps around the country.

22. Lewis is unlawfully using the Lewis Infringing Mark in connection with her fitness and health services, as well as through social media, and is without permission or authority from Mejia to use such mark.

23. Lewis' unlawful use has continued even though Lewis has been on notice of the existence of Mejia's mark, as well as the likelihood of confusion caused by the use of the THICKFIT mark.

24. The use of Lewis' Infringing Mark is likely to cause consumer confusion, mistake or deceive consumers as to the source of the services bearing the FIT AND THICK mark and/or to result in the mistaken belief that Lewis and/or THICKFIT is somehow legitimately affiliated, connected, or associated with Mejia and the FIT AND THICK mark.

25. Lewis' above acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

26. By reason of Lewis' above acts, Mejia has suffered, and will continue to suffer, damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

27. Unless and until enjoined by this Court, Lewis will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Mejia.

## COUNT II – TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)]
**(Against Renner)**

28. Mejia repeats and realleges each and all of the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

29. At all relevant times to this action, the FIT AND THICK mark has remained valid and enforceable.

30. Renner is unlawfully using the following marks,



(the "Renner Infringing Marks") including on Snapchat, Twitter, and Instagram, through the use of the hashtag #FitThickArmy, as well as through the use of THICKFIT in her fitness boot camps sessions, such as:

31. Renner is unlawfully using the Renner Infringing Marks in connection with her fitness and health services, as well as through social media, and is without permission or authority from Mejia to use such mark.

32. Renner's unlawful use has continued even though Renner has been on notice of the existence of Mejia's mark, as well as the likelihood of confusion caused by the use of the Renner Infringing Marks.

33. Renner's unauthorized use is likely to cause consumer confusion, mistake or deceive consumers as to the source of the services bearing the Renner Infringing Marks and/or to result in the mistaken belief that Renner, FIT THICK and/or FIT THICK ARMY is somehow legitimately affiliated, connected, or associated with Mejia and the FIT AND THICK mark.

34. Renner's above acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

35. By reason of Renner's above acts, Mejia has suffered, and will continue to suffer, damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

36. Unless and until enjoined by this Court, Renner will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Mejia.

## COUNT III – VIOLATION OF
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### [Fla. Stat. § 501.201, et. seq.]
**(Against All Defendants)**

37. Mejia re-alleges and incorporates the allegations in paragraphs 1 through 18 above.

38. Defendants' infringement of the FIT AND THICK mark constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat, § 501.201, et. seq.

39. Defendants' knew or should have known that its actions were unlawful and would damage Mejia.

40. Mejia has been damaged directly and proximately by Defendants' unlawful actions.

41. Mejia is entitled to recover actual damages, plus reasonable attorneys' fees and costs for Defendants' violation of the Florida Deceptive and Unfair Trade Practices Act.

42. Damage to Mejia will continue to accrue unless or until Defendants' improper conduct is enjoined.

43. Mejia has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Mejia prays for the following relief:

A. That the Court find Defendants liable for infringement of the FIT AND THICK mark.

B. Pursuant to 15 U.S.C. § 1117, a recovery of all of Defendants' profits, Mejia's damages, and the costs of this action. The intentional nature of Defendants' unlawful conduct also renders this an "exceptional case," entitling Mejia to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

C. That the Court awards Mejia its taxable costs, expenses, and pre-judgment and post-judgment interest.

D. That the Court grants such other and further relief as the Court deems just and proper.

## JURY DEMAND

Mejia demands trial by jury on all issues so triable.

Dated: October 5, 2015

Respectfully submitted,

**CAREY RODRIGUEZ MILIAN GONYA, LLP**

By: */s/ Ernesto M. Rubi*
Ernesto M. Rubi, Esq.
Florida Bar No. 92014
Primary: erubi@careyrodriguez.com
Secondary: lmejia@careyrodriguez.com
David M. Levine, Esq.
Florida Bar No. 84431
dlevine@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: 305-372-7474
Facsimile: 305-372-7475
*Attorneys for Plaintiff*